FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
11/02/2020 12:54 PM
CV 2020 11 1636

Robert B. Acciani - 0096025
Attorney for Plaintiff

## COURT OF COMMON PLEAS
## CIVIL DIVISION
## BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| **VALERIE A SUMATE**<br>6514 Lakota Point Lane<br>Liberty Township, OH 45044<br><br>Plaintiff<br><br>vs.<br><br>**WALMART, INC. d/b/a WALMART**<br>Serve: CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>Defendant | : : : : : : : : : : : : : : : : | Case #:<br><br><br><br><br>Judge:<br><br><br><br>**COMPLAINT**<br>(Refiling of Case No. CV 2018 04 0973 Judge: Greg Stephens) |

### FIRST CAUSE OF ACTION

1. At all times relevant, Defendant WalMart, Inc. ("Walmart") was a corporation licensed to and doing business within the State of Ohio specifically on May 4, 2016 in Butler County, Ohio.

2. On or about May 4, 2016, Defendant Walmart was operating as a for profit business.

3. On or about May 4, 2016, Defendant Walmart was open and doing business and permitted invitees onto its premises.

4. On or about May 4, 2016 Plaintiff Valerie Sumate was an invitee on the premises of Defendant Walmart located at 3201 Hamilton Princeton Rd., Hamilton, OH 45011.

5. At all times relevant, Defendant had a duty to inspect the premises and to make the premises safe and free from unreasonably dangerous and/or defective conditions which it knew or should have known posed an unreasonable risk of harm to invitees such as Plaintiff.

6. On or about May 4, 2016, Defendant negligently failed to ensure that the premises, including the automatic entrance doors, were safe and free from all dangerous conditions, and defects.

7. On or about May 4, 2016, Defendant negligently maintained the premises at May 4, 2016 in an unreasonable and dangerous condition.

8. On or about May 4, 2016, Defendant had a duty of care to inspect its premises for conditions, which would present a hazard to patrons such as Plaintiff.

9. On or about May 4, 2016, Defendant breached its duty of care by failing to inspect for a dangerous condition, which was readily discoverable by Defendant.

10. On or about May 4, 2016, Defendant failed to correct a known dangerous condition on the premises of May 4, 2016, which Defendant knew, or should have known, existed.

11. On or about May 4, 2016, Defendant through its agents or employees failed to warn or otherwise notify Plaintiff of a dangerous condition on the premises of May 4, 2016, which Defendant knew, or should have known, existed.

12. On or about May 4, 2016, Defendant through its agents or employees created an unreasonable and dangerous condition on the premises on May 4, 2016.

13. As a direct and proximate result of Defendant's negligence, Plaintiff was struck by an automatic sliding door located at the entrance of Defendant's store at 3201 Hamilton Princeton Rd., Hamilton, OH 45011 and suffered an injury, including, but not limited to a wrist injury that required surgery.

14. As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff has suffered temporary and permanent bodily injuries, has endured pain and suffering and will continue to do so in the future, has incurred medical expenses in an undetermined amount and will continue to do so in the future and has lost the use and enjoyment of her good health.

## SECOND CAUSE OF ACTION

15. Plaintiff re-alleges the allegations contained the First Cause of Action as if fully rewritten.

16. On or about on May 4, 2016, the instrumentality, the automatic sliding doors that struck Plaintiff and caused her injury, were in the exclusive possession and control of Defendant.

17. At all times relevant, in the ordinary course of events the automatic sliding doors would not have closed prematurely and struck Plaintiff if ordinary care had been observed.

18. Because Defendant had exclusive possession, management and or control of the automatic sliding doors, and in the ordinary course of events the incident that caused injury to Plaintiff would not have occurred if ordinary care had been observed, the doctrine of Res Ipsa Loquitur applies to Plaintiff's action.

WHEREFORE, Plaintiff demands for judgment against Defendant Walmart, Inc. in an undetermined amount in excess of $25,000.00 (Twenty-Five Thousand Dollars), prejudgment interest to be determined by the Court, plus costs and all other relief to which he may be entitled.

Respectfully Submitted,
O'CONNOR, ACCIANI & LEVY LPA

*Robert Acciani*
_____
Robert B. Acciani - 0096025
Attorney for Plaintiff
Suite 1600
600 Vine Street
Cincinnati, Ohio 45202
Telephone: 513-241-7111
Facsimile: 513-241-7197
Email: BBA@oal-law.com