IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Valerie Sumate, | : | |
| | : | Case No. 1:20-cv-911 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion for Summary Judgment |
| Wal-Mart, Inc., | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Wal-Mart, Inc.'s Motion for Summary Judgment (Doc. 21). Plaintiff Valerie Sumate filed a Response in Opposition to which Wal-Mart filed a Reply. (Docs. 26, 27.) In this suit, Sumate alleges in that, due to the negligence of Wal-Mart, she injured her wrist after she struck a malfunctioning automatic sliding door at a store entrance. Wal-Mart moves for summary judgment on the grounds that the automatic sliding door constituted an open and obvious danger about which it had no duty to warn its customers. For the reasons that follow, the Court will **DENY** the Motion for Summary Judgment.

I.   **BACKGROUND**

A.   **Facts**

On May 4, 2016, Sumate went to the Wal-Mart store in Hamilton, Ohio with her son and her sister. (Sumate Dep., Doc. 19 at PageID 76.) It was not the primary Wal-Mart at which she shopped, but she had shopped at the Hamilton store many times over several years. (*Id.*) Her sister entered the store first, while Sumate waited for her son at the car before heading into the store. (*Id.*) Sumate walked through the first set of automatic sliding doors into the enclosed cart bay area without incident. (*Id.* at PageID 76–77.) She then walked towards the second set of

1

automatic sliding doors that led into the main store, and the doors began to slide open. (*Id.* at PageID 77.) When she got close to the second set of doors, she told her son, "Don't forget the cart." (*Id.* at PageID 77.) Sumate testified that the doors stopped opening at that point and "that quick, wham, [she] hit [her] hand" on the sliding door. (*Id.*) Her hand immediately went numb and started swelling. (*Id.*) The Wal-Mart greeter sitting near the door then said to her, "That door don't work." (*Id.* at PageID 77, 81.)

The incident was captured on two store surveillance cameras. The first video shows that the doors did not fully open, but rather stopped opening at a width the Court will guesstimate to be approximately the width of a shopping cart. (Video-1 at 8:29:16 p.m.) Almost immediately after the doors stopped opening, Sumate's right hand struck the right-side door and momentarily was positioned or trapped between the door and her abdomen. (*Id.* at 8:29:17 p.m.) Sumate visibly grimaced and stepped back from the partially-opened doors, remaining in the enclosed shopping cart bay area between the two sets of automatic sliding doors. (*Id.* at 8:29:18–8:29:38 p.m.) A person inside the store, who appears to be wearing a store name tag badge and likely is the greeter, then manually pushed the doors to the store fully open. (*Id.* at 8:29:39 p.m.; Video-2 at 8:29:39 p.m.)

**B.     Procedural History**

Sumate initially filed this suit against Wal-Mart in the Butler County, Ohio Court of Common Pleas on November 2, 2020. (Doc. 4.) She asserted claims for negligence against the corporation to recover damages for the injury she sustained on May 4, 2016. (*Id.*)[1] On

---

[1] Claims for bodily injury generally have a two-year statute of limitations under Ohio law. Ohio Rev. Code § 2305.10(A). The statute of limitations is an affirmative defense which must be pleaded by the defendant. Ohio R. Civ. P. 8(C). Affirmative defenses are waived if not raised in a pleading. *Jim's Steak House, Inc. v. City of Cleveland*, 81 Ohio St. 3d 18, 688 N.E.2d 506, 508 (1998). Here, Wal-Mart pleaded in its Answer that it was "assert[ing] and incorporate[ing] by reference all affirmative defenses referenced in Ohio Civil Rules, including all affirmative defenses specified in Ohio Civ. R. 8." (Doc. 3 at PageID 18.) Wal-Mart did not raise the statute of limitations as a basis for summary judgment in the pending Motion.

November 11, 2020, Wal-Mart removed the action to this Court and filed its Answer denying liability. (Docs. 1, 3.) The case originally was assigned to Judge Timothy S. Black. It was re-assigned to this Court on November 20, 2020 and then referred to Magistrate Judge Stephanie K. Bowman for all proceedings prior to summary judgment. (Docs. 6, 8.)

Wal-Mart filed the pending Motion for Summary Judgment on October 13, 2021. It moves for judgment as a matter of law on the basis that the open and obvious danger doctrine precludes liability for negligence. The Motion is fully briefed and ripe for adjudication.[2]

## II. STANDARDS GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden to show that no genuine issues of material fact are in dispute. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–587 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011). The movant may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–324 (1986). In responding to a summary judgment motion, the nonmoving party may not rest upon the pleadings but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

---

[2] Wal-Mart did not follow the requirement in this Court's Standing Order on Civil Procedures to file Proposed Undisputed Facts. However, given the relatively narrow scope of the relevant facts and disputed legal issue, the Court will not require Wal-Mart to remedy the omission.

A court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *see also EEOC v. Ford Motor Co.*, 782 F.3d 753, 760 (6th Cir. 2015) (*en banc*) (quoting *Scott*). A genuine issue for trial exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see also Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 132 (6th Cir. 2014) ("A dispute is 'genuine' only if based on *evidence* upon which a reasonable jury could return a verdict in favor of the non-moving party.") (emphasis in original) (citation omitted). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

### III. ANALYSIS

Wal-Mart moves for summary judgment on Sumate's negligence claims. A claim for negligence requires a plaintiff to prove "(1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom." *Armstrong v. Best Buy Co.*, 2003-Ohio-2573, ¶ 8, 99 Ohio St. 3d 79, 81, 788 N.E.2d 1088, 1090. Wal-Mart argues that it did not breach a duty owed to Sumate as a matter of law because the operation of automatic sliding doors at the entrance to a retail store is an open and obvious danger.

This case concerns the duty of a business to an invitee customer. The Ohio Supreme Court set forth the controlling law of premises liability as follows:

> A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. A shopkeeper is not, however, an insurer of the customer's safety. Further, a shopkeeper is under no duty to protect business

4

> invitees from dangers "which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them."

*Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St. 3d 203, 203–204, 480 N.E.2d 474, 475 (1985) (citations omitted). The open and obvious danger doctrine is concerned with duty, not with causation. *Armstrong*, 788 N.E.2d at syllabus, 1090. It holds that a business has no duty to warn its customers about open and obvious dangers, and it is not liable for injuries resulting from such dangers. *Andler v. Clear Channel Broadcasting, Inc.*, 670 F.3d 717, 724–725 (6th Cir. 2012); *see also Armstrong*, 788 N.E.2d at 1091 ("Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises.")

"A danger is open and obvious if it is reasonably observable and thus would be seen by someone acting with ordinary care under the circumstances; the plaintiff need not actually have seen it." *Andler*, 670 F.3d at 725 (internal quotation and citation omitted). The observability determination is "extremely fact-specific," so comparison to previous cases can be of limited value. *Id*. Whether a purported danger is open and obvious is usually a question of law for the Court. *Id.*; *see also Snyder v. Walmart, Inc.*, No. 1:19CV536, 2021 WL 4426904, at *6 (N.D. Ohio Sept. 27, 2021) (citing *Andler*), *appeal filed*, (6th Cir. Oct. 26, 2021). The issue "can be rendered a question for the jury when the underlying facts are disputed and reasonable minds could disagree." *Andler*, 670 F.3d at 725; *see also Snyder*, 2021 WL 4426904, at *7 ("Ohio law is clear that whether a danger is open and obvious is a question of law for the court unless there exists some disputed issue of fact that raises an issue of whether the danger was reasonably observable.").

Wal-Mart argues that that the operation of an automatic door is an open and obvious danger. The parties have not identified any disputed material facts, so the Court will determine this issue as a matter of law. An Ohio appeals court has affirmed the holding that a "store had no

duty to warn of the hazards associated with automatic doors because the presence of the automatic doors was an open and obvious condition to all customers who enter the store." *Brown v. Pet Supplies Plus*, No. 98 CA 9, 1999 WL 689206, at *1, 3 (Ohio App. Aug. 26, 1999). Additionally, an Illinois court of appeals held that the reduced opening width of a set of automatic sliding doors was an open and obvious danger. *Paschke v. Hobby Lobby Stores, Inc.*, No. 2-18-0578, 2019 WL 457648, at *6 (Ill. App. Feb. 1, 2019).

Other courts have ruled differently. At least two courts in this District have found that an automatic door is not an open and obvious danger if it malfunctions. "[I]f an automatic hinged door does not operate normally, the open-and-obvious doctrine does not apply." *Chambers v. Total Renal Care, Inc.*, No. 1:13CV735, 2015 WL 545166, at *3 (S.D. Ohio Feb. 10, 2015) (regarding a door that closed faster than usual); *see also Mann v. Tractor Supply Co.*, No. 2:08-CV-569, 2010 WL 1856312, at *4 (S.D. Ohio May 10, 2010) (following same principle). Likewise, a court in the Western District of Michigan stated that the open and obvious doctrine "clearly" did not apply "if the door was defective and the defect or breakdown in normal operation caused plaintiff's injuries." *Hoganson v. Menard, Inc.*, No. 2:04-CV-299, 2007 WL 4395534, at *3 (W.D. Mich. Dec. 12, 2007). Ohio state courts have reached the same conclusion about malfunctioning doors:

> Although a commercial building with automatic sliding doors is very commonplace in today's society, common experience with these doors does not suggest that they are likely to close on a person. . . . Thus, we do not find that automatic sliding doors pose the open and obvious danger of closing on a person and causing injury so that an owner or occupier may reasonably expect that persons entering the premises will take appropriate measures to protect themselves.

*Smith v. Frederick C. Smith Clinic*, 2010-Ohio-4548, ¶ 28, 189 Ohio App. 3d 473, 484, 939 N.E.2d 192, 200; *see also Price v. Frederick C. Smith Clinic*, No. 9-10-13, 2010 WL 3732230 at *7, 2010-Ohio-4551, ¶ 26 (Ohio App. Sept. 27, 2010) (same).

Wal-Mart argues that the latter set of cases are distinguishable because they involve doors that malfunctioned by closing unexpectedly or faster than usual. It argues that there should be no exception to the open and obvious danger doctrine for an automatic door that malfunctions by failing to open fully. The Court disagrees and declines to follow *Paschke* to the extent that the Illinois court ruled differently. Common experience with automatic doors does not suggest that the doors will only partially open. Customers who see an automatic door opening in front of them generally advance through the doorway without stopping to wait for the door to fully open. This general practice is evident from the Wal-Mart surveillance video. Customers stream into the store through the sliding doors while they are sliding apart and before the doors fully open. (Video-1 *passim*.) It is not an open and obvious danger that automatic sliding doors will malfunction by beginning to open, but then abruptly stopping at a reduced opening width. The Court holds that Wal-Mart's duty to provide a reasonably safe premises was not obviated by the open and obvious danger doctrine.[3]

> The Court turns next to the breach of duty element.
>
> To establish that a premises owner failed to exercise ordinary care, the plaintiff must demonstrate one of the following three conditions: (1) the premises owner created the hazard; (2) the premises owner possessed actual knowledge of the hazard and failed to give adequate notice of its existence or to remove it promptly; or (3) the hazard existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care.

*Chambers*, 2015 WL 545166, at *3 (citation omitted). In this case, Sumate has established at least a question of material fact that Wal-Mart had actual knowledge of the hazard and did not give notice of its existence or remedy it. Sumate testified at her deposition that immediately after the incident the store greeter implied that he knew the doors did not work. (Doc. 19 at

---

[3] Wal-Mart argues that the Court should not impose a duty for it to warn customers to wait for sufficient clearance before passing through automatic sliding doors. This argument skirts the fact that the sliding door appears to stop opening and to be paused in a partially-opened position before Sumate's arm struck the door.

PageID 77, 81.)  Moreover, the automatic sliding doors failed to fully open for two individuals who appear to be Wal-Mart employees wearing name tag badges and vests about one minute before they failed to fully open for Sumate.  (Video-1 at 8:28:19 p.m.)  Prior to that, about forty-five minutes before Sumate's incident, an apparent Wal-Mart employee with a name tag badge and vest used her hands and arms to manually push open the partially-opened sliding doors.  (*Id.* at 7:45:10 p.m.)

Finally, as to injury and proximate causation, Sumate testified that her hand immediately went numb and started swelling after it struck the door.  Wal-Mart does not challenge at this stage that Sumate suffered an injury.  Wal-Mart also does not directly address proximate causation.  To the extent that Wal-Mart asserts that Sumate was inattentive and should not have walked into the partially opened door, Wal-Mart can argue at trial that Sumate was contributorily negligent.  In sum, the Court finds that Sumate has presented sufficient evidence of negligence to proceed to trial.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant Wal-Mart, Inc.'s Motion for Summary Judgment (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

8